IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>                 Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, INC.,<br>a Foreign Corporation,<br><br>                 Defendant. | Case No. 1:21-cv-00294-KWR-KK |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

**COMES NOW** Plaintiff, Michael Johnson, by and through his undersigned attorney, and hereby responds in opposition to Defendant's Motion to Dismiss [Doc. 5] as follows:

### INTRODUCTION

This matter arises out of a Truth and Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") violation. Defendant unilaterally made withdrawals of Plaintiffs' deposit account to allegedly "setoff" Plaintiffs' debt on a separate credit card account. Defendant claims that both accounts are solely business accounts, and therefore the plain language of the contracts governing the deposit allow for the offset. Defendant's claims in its Motion to Dismiss rely entirely on the notion that Plaintiff's account is a business account, and therefore not subject to the consumer protections afforded by TILA, specifically under 15 U.S.C. § 1666h. Defendant fails to consider that Mr. Johnson is himself a joint user of the account, and uses the account as a consumer account. Furthermore, Mr. Johnson has filed this matter in his individual capacity, <u>not</u> under the Shockwave Defense, LLC also

participates in the usage of the deposit account.  Were any of Defendant's arguments in his Motion to Dismiss true, he would have also argued that Michael Johnson lacks standing to bring an action individually under a "business account".

## RESPONSE TO FACTUAL BACKGROUND

Defendant argues that the deposit account with Defendant ending in 2270 ("Deposit Account") is a business account, and that the credit card account with Defendant ending in 7091 is a business credit card account. ("Credit Card Account")  Defendant then attaches exhibits containing boilerplate language with both the Deposit Account and the Credit Card Account that contain stipulations whereby Defendant is supposedly allowed to offset business debt.  However, the "Right to Setoff" provision in Defendants Exhibit B of the Motion to Dismiss clearly states that "[this] provision does not apply to… consumer credit card obligations".  The exception is notably silent with respect to consumer credit cards obligations on whatever Bank of America styles as a business account.

Defendant next argues that the guarantor and security interest provisions are identified by capitalized headings in bold font under the "Liability" section of the first page, citing to Defendant's Exhibit A of the Motion to Dismiss.  15 U.S.C. § 1666h, the statute that prohibits offsetting against consumer funds, does not limit its consumer protections to consumer debt that is styled by the Bank as a "business account".  The statute prohibits the very same boilerplate language that Defendant is presenting in his Motion to Dismiss from allowing the offsetting of consumer, except if the offsetting was authorized in writing by the cardholder in accordance with a credit plan.  No such credit plan exists.

Defendant then states that Plaintiff failed to make periodic payments on the Credit Card Account, so Defendant withdrew $35,160.84 from the Deposit Account to offset debt

allegedly owned to Defendant.  Defendant did in fact withdraw that amount, but they did so against the consumer protections of TILA.

## ARGUMENT

### I. Plaintiff's TILA Claim is Valid

Plaintiff's TILA claim is not dependent upon what Bank of America decides to call or categorize his accounts.  Plaintiff's Deposit Account and Credit Card Account are joint accounts, held by Plaintiff and Shockwave Defense, LLC.  There is no provision, and Defendant fails to cite any, that allows an exemption of TILA's consumer protection prohibiting setoffs if the account is styled or categorized as a business account by the bank.

Defendant argues that Plaintiff's accounts are not a "consumer credit card transaction", citing to the provision 15 U.S.C. § 1666h that states in pertinent part, "[A] card issuer may not take any action to offset a cardholder's indebtedness arising *in connection with a consumer credit transaction*."  Defendant then argues that TILA defines a "consumer" as "one in which the party to whom credit is offered to extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1602(i).

Defendant further cites to a 15 U.S.C. § 1603(a) to state that credit transactions extended for business or commercial purposes are exempt from TILA's provisions.  However, 15 U.S.C. § 1603(a) does not exist.  Perhaps Defendant erroneously cited the statute, whose provisions are numbered only (1) through (7).  Provision (1) does exempt "credit transactions involving *extensions* of credit primarily for, *inter alia*, business or commercial organizations.   Defendant provides no definition for what an "extension of

credit" means under TILA.  TILA itself is silent on what an "extension of credit" means, though it references the term twice in its definitions.   It does not appear obvious that an "extension of credit" necessarily means a credit card account, and it would be up to the Plaintiff to properly define it for his arguments.

Plaintiff is a natural person, and therefore his jointly owned Credit Card Account is considered a consumer credit transaction under TILA.  A "consumer credit transaction" is defined in § 1602(h) as:

> "one in which the party to whom the credit is *offered or extended* is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h) (emphasis added).

Here, the credit under the Credit Card Account is offered and/or extended to Michael Johnson and Shockwave Defense, LLC.  Michael Johnson is a natural person.  Therefore, the protections against setoffs under TILA apply to the Credit Card Account.

Moreover, TILA is completely silent on how its exemptions should apply to a joint account between an individual and a business.  The TILA notably does not define its protections in terms of accounts but in terms of *transactions*.  Plaintiff used the Credit Card Account personally as a consumer, for most of the transactions on the account.  While the joint owner, Shockwave Defense LLC, also used the account for business expenses, those transactions were few and limited.   Attached as "**Exhibit A**" are three statements of the Credit Card Account for the months of August 10, 2019- September 9, 2019, September 10, 2019- October 9, 2019, and October 10, 2019 through November 9, 2019, to illustrate to the Court how the Credit Card Account was being used.  For the month of August, for example, Plaintiff makes payments for "The Man Clinic", an anti-aging clinic located in

California that Plaintiff used for his personal health. This is not and could not be a business expense for a self-defense training company such as Shockwave Defense, LLC, who is the other joint owner of the account. Other examples include:

A. iTunes bills for Plaintiffs' individual Apple Account. (All three statements)

B. Restaurants and Cafes that the Plaintiff attended that were non-business dining.[1], such as an August 15 dining at Cinnamon, Sugar, and Spice in Albuquerque, and an August 19, 2019 café visit to the Grove Café in Albuquerque.

C. Fine art purchases such as the Mee Shim Fine Art in San Diego, CA on August 19, 2019.

D. Grocery expenses. Smiths Food in Albuquerque, August 23, 2019.

E. Sirius XM for Plaintiffs' car radio subscription, billed monthly in all three statements.

F. Flowers for Plaintiff's girlfriend, bought from Peoples Flower Shop in Albuquerque on September 19, 2019.

G. Plaintiff's Defined Fitness bill for his personal gym use, billed on October 3, 2019.

H. Plaintiff's personal cellphone with T Mobile, billed on August 26, 2019.

I. Plaintiff's ice cream purchases bought from the Paleta Bar in Albuquerque, NM on August 30, 2019.

---

[1] Shockwave, LLC is a self-defense company who does not incur business dining expenses.

  J. A monthly State Farm Insurance for Plaintiff's personal vehicles found in all three statements.

In fact, a review of the Credit Card Account demonstrates that *most* of the expenses were consumer expenses for Michael Johnson personally. Very few are for Shockwave Defense, LLC, such as for Shockwave's Zoom calls ($32.34 monthly), their Facebook and Google ads (totaling to $51.05 in the month of August, 2019), and their Godaddy website hosting ($15.74 per month). These expenses are a fraction of the total expenses on the Credit Card Accounts debt.

There is no case law to provide guidance as to what a joint account between a consumer and a business falls in with respect to the consumer protections found in TILA. Plaintiff argues that, because he is a consumer whose name appears on both the Credit Card Account and the Deposit Account, the consumer protections under TILA trigger and apply to the entirety of the account. This may be a case of first impression for the Court. Furthermore, because most of the expenses on the Credit Card Account are Michael Johnson's personal expenses, the card is far more of a consumer credit card transaction than a business transaction.

Plaintiff cites no authority that is on point to prove its claim that the Credit Card Account is definitively exempt from the protections of TILA, because there is none. Plaintiff cites to *Selman v. Manor Mortg. Co.*, 551 F.Supp.345, maintaining that the holding of the case is a dismissal of Section 1666h TILA claim where account at issue was owned by limited liability company.[2] The instant matter is distinguishable from the *Selman*

---

[2] The holding as described by Defendant is partially incorrect in that it was not a limited liability company, but a corporation that owned the account. The corporation is Stewart R. Selman and Marjorie A. Selman, Inc.

case. The *Selman* case concerns two individuals who sought a loan for apparent personal purposes from Manor, who is in the business of arranging loans between prospective borrowers and lenders. However, because of usury laws in Michigan, the Selmans' loan was calculated at a rate greater than the maximum permissible 7% interest rate, but corporations could agree to a higher rate. As part of the loan agreement with Manor, the Selmans agreed to incorporate to avoid the 7% limit. The Selmans defaulted, and argued that the incorporation condition of the loan is part of an illegal scheme to evade the usury statute, and that the loan disclosure statements violated TILA. The Court found that the Selman loan was a corporation in form, and therefore the Selmans do not state a claim under TILA. The Court stated "[t]his is despite the fact that the Selman loan might well have been a "consumer credit transaction" within the meaning of TILA. The Court found that even if a loan may constitute a "consumer credit transaction" under § 1602(h) because natural persons were offered credit and used it for personal purposes, so long as the credit was actually "extended" to a corporation, TILA does not apply. *Selman* at 347-348.

In the *Selman* case, the loan made to the Selmans was made solely to a corporation founded by the Selmans. Here, the Defendant entered into a credit card agreement with the Plaintiff individually, and with Shockwave Defense, LLC. Therefore, an individual is involved in this matter where only a corporation is involved in the *Selman* case.

Lastly, if the Defendant's arguments are true, then the Defendant should have raised the argument that Plaintiff Michael Johnson, individually does not have standing to bring this TILA action against the Defendant, which Defendant did not do. If the Credit Card Account belongs solely to an LLC, then Michael Johnson individually could not have standing to bring an action with respect to the Credit Card Account. That is, of course, not

the case. Michael Johnson, individually, has standing because *his name is on the credit card and the account*. This is prima facie evidence that the account belongs jointly to a consumer and a natural person.

Defendant's secondary argument is that, even if TILA applies, Plaintiff's claim still fails because he consented to Defendant's security interest in his deposit account. This argument defies the plain language of TILA, which prohibits setoffs that were not consented to by a credit plan. 15 U.S.C. § 1666h. Section 1666h states in pertinent part:

(a) Offset against consumer's funds
A card issuer may not take any action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer unless—
(1) such action was previously authorized in writing by the cardholder in accordance with a credit plan whereby the cardholder agrees periodically to pay debts incurred in his open end credit account by permitting the card issuer periodically to deduct all or a portion of such debt from the cardholder's deposit account, and
(2) such action with respect to any outstanding disputed amount not be taken by the card issuer upon request of the cardholder.

The statute precludes any agreements to offset debt during the initial agreement for credit card debt. Instead, the statute requires that the cardholder authorize in writing such an offset in accordance with a *credit plan*. This would only occur after the cardholder has missed payments or otherwise defaulted on the loan. The statute is worded in this way to protect consumers from banks and other lenders who will absolutely place offset agreements in every consumer's credit card contract as a matter of adhesion, effectively making the consumer TILA protections against offsets a dead letter.

Therefore, any agreements that Plaintiff may have made with Defendant that included boilerplate language authorizing offsets is null and void under Section 1666h.

Defendant cannot evade the consumer protections of TILA with simple boiler plate language in the initial agreements of a credit card account.

## II. Plaintiff's Unfair or Deceptive Trade Practice Claim Stands

Defendant argues that Plaintiff's Unfair or Deceptive Trade Practices does not apply to a private litigant, and is duplicative. NMSA § 57-12-10 specifically allow private persons likely to be damaged, and include private remedies. New Mexico's Unfair or Deceptive Trade Practices Laws protects consumers from deceptive practices, such as the unilateral act of withdrawing $35,000 from a consumer's deposit account to offset an alleged credit card debt. The claim may arise out of the same transaction, but are not duplicative. Defendant's actions constitute a separate cause of unfair or deceptive trade practices when Defendant essentially converted Plaintiff's funds in his Deposit Account to pay themselves.

## III. The Request for Declaratory Relief Does Not Fail as a Matter of Law

Defendant argues that, because Plaintiff argues the offset had occurred some time in the past, declaratory relief cannot apply in this matter. However, Defendant fails to take into account that there is nothing stopping Defendant from performing similar offsets upon Plaintiff at any time in the future. That is not merely hypothetical, as Plaintiff is effectively unable to bank with Defendant for the rest of his life unless this matter is resolved by the Courts.

## IV. Plaintiff's Request for Injunctive Relief is Proper

Defendant argues that Plaintiff's request for injunctive relief fails for the same reason as his request for declaratory relief fails: that Plaintiff does not plausibly allege Defendant's continuing violation, or threatened future violation, of any applicable statute or standard. Nothing could be further from the truth. Plaintiff still had active accounts

with Defendant at the time of the filing of this suit. Again, nothing is stopping Defendant from committing further offsets against Plaintiff without relief from the court.[3]

### V. Plaintiff's New Mexico Unfair Practices Act Are Proper

Defendant argues that Plaintiff's New Mexico Unfair Practices Act ("UPA") claim fails as a matter of law because Plaintiff cites to none of the nineteen unfair or deceptive trade practices enumerated by the UPA, and that Plaintiff's allegations are conclusory and without merit. The Defendant claims that the Plaintiff failed to cite a UPA claim that is based upon a misrepresenting or false statement which was knowingly made. Plaintiff's Complaint adequately claims Defendant's UPA violation: "[t]he Defendant's use of a standard form agreement which states that it has the right to make withdrawals from deposit accounts for credit card debts is false and misleading." Defendant, who is a sophisticate actor, knew or should have known that a standard form boiler plate contract that contains an offset provision is legally impermissible pursuant to the TILA consumer protections, but included the agreement anyway. Therefore, the Defendant knowingly made a false representation regarding the offsetting in its standard form agreements, and continues to

---

[3] Plaintiff has closed, or is in the process of closing, his accounts with Defendant since the filing of this suit. However, Plaintiff may wish to bank with the Defendant in the future, and cannot safely do so without the Court's intervention via declaratory and injunctive relief.

misrepresent that it is permitted to offset Plaintiff's accounts. Plaintiff's UPA claim states a claim upon which relief can be granted.

## CONCLUSION

For all the reasons stated herein Plaintiff maintains that the Motion to Dismiss should be denied. This Court should not dismiss the instant matter and the case should be permitted to proceed.

Respectfully submitted,

*/s/ Mark Regazzi*
Mark Regazzi
Regazzi Law, LLC
2501 Yale Blvd SE, Suite 204
Albuquerque, NM 87106
Tel: 505-265-1000
Fax: 877-242-1841

## CERTIFICATE OF SERVICE

Mark Regazzi, counsel for Plaintiff, hereby certifies that a true and correct copy of the foregoing was sent to Spencer Edelman, Esq., counsel for the Defendant, via the CM/ECF system on this 16th day of May, 2021.

BANK OF AMERICA 

Case 1:21-cv-00204-MIS-KK   Document 12   Filed 05/17/21   Page 12 of 14

**EXHIBIT A**

0023005474151976782737201909098

SHOCKWAVE DEFENSE LLC
5474 1519 7678 **2737**
August 10, 2019 - September 09, 2019
Page 3 of 8

## Transactions

| Posting Date | Transaction Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| **SHOCKWAVE DEFENSE LLC** | | | | |
| **Account Number: 2737** | | | | |
| | | **Payments and Other Credits** | | |
| 08/15 | 08/15 | Online payment from CHK 2 | 22706005720002892045951 | - 1,200.00 |
| 08/26 | 08/23 | Online payment from CHK 2 | 23506005720017598025420 | - 1,000.00 |
| | | TOTAL PAYMENTS AND OTHER CREDITS FOR THIS PERIOD | | -$2,200.00 |
| | | **Finance Charge** | | |
| 09/09 | 09/09 | PURCHASE *FINANCE CHARGE* | | 506.61 |
| | | TOTAL FINANCE CHARGE FOR THIS PERIOD | | **$506.61** |
| **JOHNSON, MICHAEL C** | | | | |
| **Account Number: 7091** | | | | |
| | | **Payments and Other Credits** | | |
| 08/19 | 08/19 | RBT PHILLIPS 66 - CIRC   EasySavings  NY | 05587459231000000176999 | - 0.30 |
| 08/26 | 08/25 | RBT SHELL OIL 57445344   EasySavings  NY | 05587459237000000171119 | - 0.30 |
| 08/28 | 08/27 | RBT PHILLIPS 66 - CIRC   EasySavings  NY | 05587459239000000246786 | - 0.76 |
| 08/28 | 08/27 | SKYLINE USA, INC       8888008440  FL | 55310209240200209700063 | - 70.71 |
| | | TOTAL PAYMENTS AND OTHER CREDITS FOR THIS PERIOD | | -$72.07 |
| | | **Purchases and Other Charges** | | |
| 08/12 | 08/09 | STATE FARM  INSURANCE   8009566310  IL | 55310209221026488815097 | 371.81 |
| 08/12 | 08/09 | SSF MONTHLY INDIVIDUAL   2622074170  WI | 55429509221637253361629 | 25.00 |
| 08/12 | 08/09 | LIFTERLMS            6266657736  CA | 55429509221637258065696 | 799.20 |
| 08/13 | 08/12 | THE MAN CLINIC       8184569007  CA | 55310209224207839600050 | 220.00 |
| 08/14 | 08/13 | CHIIRP              8017539312  UT | 55429509225637434531096 | 99.00 |
| 08/14 | 08/13 | CALENDLY            8009799850  GA | 55429509225637463266572 | 15.00 |
| 08/15 | 08/14 | CINNAMON SUGAR & SPICE  ALBUQUERQUE  NM | 25247809226001327309472 | 26.70 |
| 08/19 | 08/16 | APL* ITUNES.COM/BILL   866-712-7753 CA | 55432869228200258438680 | 5.37 |
| 08/19 | 08/16 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869228200247882717 | 10.78 |
| 08/19 | 08/16 | PHILLIPS 66 - CIRCLE K  ALBUQUERQUE  NM | 25483679228001511014944 | 30.39 |
| 08/19 | 08/16 | THE GROVE CAFE & MARK  ALBUQUERQUE  NM | 55546509228207588500373 | 35.49 |
| 08/19 | 08/15 | LEXISNEXIS RISK DAT   8883328244  FL | 55464949228200904300152 | 278.85 |
| 08/19 | 08/16 | DAV ENOTECA LITTLE      SAN DIEGO   CA | 85456679228900011901657 | 270.12 |
| 08/19 | 08/16 | MEE SHIM FINE ART       SAN DIEGO   CA | 02306639229000619317701 | 260.00 |
| 08/19 | 08/17 | SQ      *SQ *HI PO  SAN DIEGO   CA | 55432869230200607756911 | 18.10 |
| 08/19 | 08/17 | EXTRAORDINARY DESSERTS  SAN DIEGO  CA | 25247809230001699416719 | 33.28 |
| 08/19 | 08/17 | HAPPY HEAD FOOT REFLEX  SAN DIEGO  CA | 05314619230000345883010 | 165.00 |
| 08/19 | 08/19 | BRICKYARD COFFEE & TEA  SAN DIEGO  CA | 55480779231091726000278 | 22.36 |
| 08/21 | 08/19 | GRAN HAVANA CLUB DC P   SAN DIEGO  CA | 75500399232290013200062 | 33.52 |
| 08/21 | 08/20 | SEASONS 52 0074541      SAN DIEGO  CA | 55310209232091826000031 | 75.19 |
| 08/22 | 08/21 | WOOCOMM 5103714568      8772733049 CA | 55429509233637818853710 | 50.00 |
| 08/22 | 08/21 | DD/BR #356354         ALBUQUERQUE  NM | 55310209234838000245388 | 8.03 |
| 08/22 | 08/21 | SP * JW CAFE        5052052056  NM | 55429509233637847472789 | 11.33 |
| 08/23 | 08/22 | SMITHS FOOD #4448      ALBUQUERQUE  NM | 05436849234300202649559 | 26.07 |
| 08/23 | 08/22 | RANGE CAFE          ALBUQUERQUE  NM | 55546509235200888300728 | 39.92 |
| 08/26 | 08/22 | SHELL OIL 57445344500  ALBUQUERQUE  NM | 55308769235547837056357 | 30.17 |
| 08/26 | 08/23 | SITEGROUND HOSTING     866-6052484  VA | 75418239235078377164210 | 71.40 |
| 08/26 | 08/23 | IDOCOCORP.COM        2183162315  MN | 55429509235637947949460 | 600.00 |
| 08/26 | 08/23 | SKYLINE USA, INC      8888008440  FL | 55310209236200209500071 | 901.92 |
| 08/26 | 08/24 | PHILLIPS 66 - CIRCLE K  ALBUQUERQUE  NM | 25483679236002241612684 | 75.79 |
| 08/26 | 08/26 | TMOBILE*AUTO PAY      800-937-8997 WA | 55432869238200506913466 | 152.74 |
| 08/26 | 08/26 | SXM*SIRIUSXM.COM/ACCT  888-635-5144 NY | 55432869238200496330838 | 13.06 |
| 08/28 | 08/27 | PP*Kangen Water Store  ALBUQUERQUE  NM | 85177499239002600905377 | 26.96 |
| 08/28 | 08/27 | FRANCIS L. DEAN & ASSO  800-7452409 FL | 75326819239900012817876 | 564.00 |
| 08/28 | 08/27 | ZOOM.US             8887999666  CA | 55480779240026966361039 | 32.34 |
| 08/30 | 08/29 | LE PEEP             ALBUQUERQUE  NM | 02306649241200158326351 | 61.17 |
| 08/30 | 08/30 | THE PALETA BAR       ALBUQUERQUE  NM | 55444369242091718000635 | 9.71 |
| 09/02 | 08/30 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869242200491526491 | 51.75 |
| 09/02 | 08/30 | LE PEEP             ALBUQUERQUE  NM | 02306649242200162487081 | 38.42 |
| 09/02 | 08/31 | FACEBK *VXLCXMAP62     fb.me/ads  CA | 55432869243200764950625 | 14.93 |
| 09/02 | 09/01 | SQU*SQ *AFFIRMATIVE SO  Albuquerque  NM | 55432869244200092794470 | 200.00 |
| 09/02 | 09/01 | SQU*SQ *T&T ENRERPRISES  Albuquerque  NM | 55432869244200093887257 | 36.12 |
| 09/02 | 09/01 | Google LLC         Mountain ViewCA | 15270219244000381424020 | 24.71 |
| 09/03 | 09/02 | DEFINED FITNESS- SAN M  5058887097  NM | 55546509245083786094546 | 86.29 |
| 09/04 | 09/03 | PHILLIPS 66 - TKJ INC   SANTA FE   NM | 25483679246000234620589 | 81.37 |
| 09/05 | 09/04 | SP * MCSUS.COM       8007277347  CA | 55429509247637532391140 | 890.00 |
| 09/05 | 09/04 | SP * MCSUS.COM       8007277347  CA | 55429509247637533035092 | 170.00 |

SHOCKWAVE DEFENSE LLC
5474 1519 7678 **2737**
September 10, 2019 - October 09, 2019
Page 3 of 6

## Transactions

| Posting Date | Transaction Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| **SHOCKWAVE DEFENSE LLC** | | | | |
| **Account Number: 2737** | | | | |
| | | **Payments and Other Credits** | | |
| 09/17 | 09/17 | Online payment from CHK 2 | 26006005710040742349553 | - 1,250.00 |
| | | TOTAL PAYMENTS AND OTHER CREDITS FOR THIS PERIOD | | **-$1,250.00** |
| | | **Finance Charge** | | |
| 10/09 | 10/09 | PURCHASE *FINANCE CHARGE* | | 526.83 |
| | | TOTAL FINANCE CHARGE FOR THIS PERIOD | | **$526.83** |
| **JOHNSON, MICHAEL C** | | | | |
| **Account Number: 7091** | | | | |
| | | **Payments and Other Credits** | | |
| 09/16 | 09/13 | ZAPIER, INC    8773818743   CA | 55429509256717467865397 | - 25.00 |
| 09/16 | 09/13 | ZAPIER, INC    8773818743   CA | 55429509256717467877418 | - 25.00 |
| 09/16 | 09/13 | ZAPIER, INC    8773818743   CA | 55429509256717467887276 | - 25.00 |
| 09/16 | 09/14 | LIFTERLMS     6266657736   CA | 55429509258637007645984 | - 799.20 |
| | | TOTAL PAYMENTS AND OTHER CREDITS FOR THIS PERIOD | | **-$874.20** |
| | | **Purchases and Other Charges** | | |
| 09/10 | 09/09 | AMZN Mktp US*653BK9BA3   Amzn.com/billWA | 55432869252200871516135 | 25.22 |
| 09/10 | 09/09 | SSF MONTHLY INDIVIDUAL   2622074170   WI | 55429509252637793513228 | 25.00 |
| 09/11 | 09/10 | STATE FARM INSURANCE   8009566310   IL | 55310209253026746366017 | 371.81 |
| 09/12 | 09/10 | TLF*PEOPLES FLOWER SHO   ALBUQUERQUE  NM | 55417349255162555838749 | 37.64 |
| 09/13 | 09/12 | SP * MCSUS.COM      8007277347   CA | 55429509255637934335124 | 70.03 |
| 09/16 | 09/13 | CHIIRP       8017539312   UT | 55429509256637967798163 | 99.00 |
| 09/16 | 09/13 | CALENDLY      8009799850   GA | 55429509257637005422858 | 15.00 |
| 09/16 | 09/05 | TLF*PEOPLES FLOWER SHO   ALBUQUERQUE  NM | 55417349258152589248830 | 37.70 |
| 09/18 | 09/17 | TLF*PEOPLES FLOWER SHO   ALBUQUERQUE  NM | 55417349261162614882417 | 37.70 |
| 09/19 | 09/18 | APL* ITUNES.COM/BILL    866-712-7753 CA | 55432869261200949949424 | 28.31 |
| 09/19 | 09/18 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869261200940922768 | 10.78 |
| 09/19 | 09/18 | WOOCOMM 5103803316    8772733049 CA | 55429509261637263461105 | 108.00 |
| 09/23 | 09/19 | TLF*PEOPLES FLOWER SHO   ALBUQUERQUE  NM | 55417349265152657103421 | 37.70 |
| 09/23 | 09/21 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869264200658217192 | 21.56 |
| 09/24 | 09/23 | BEST BUY    00003384  ALBUQUERQUE  NM | 05410199266295041019595 | 19.99 |
| 09/24 | 09/23 | AMAZON.COM*IA7213FZ3 A   AMZN.COM/BILLWA | 55310209266083379860019 | 58.76 |
| 09/24 | 09/23 | ZOOM.US      8887999666   CA | 55480779267026935408463 | 32.34 |
| 09/26 | 09/26 | TMOBILE*AUTO PAY     800-937-8997 WA | 55432869269200743680763 | 215.00 |
| 09/26 | 09/26 | SXM*SIRIUSXM.COM/ACCT   888-635-5144 NY | 55432869269200712207234 | 13.06 |
| 09/30 | 09/27 | PP*Kangen Water Store    ALBUQUERQUE  NM | 85177499270002654146464 | 26.96 |
| 09/30 | 09/25 | TLF*PEOPLES FLOWER SHO   ALBUQUERQUE  NM | 55417349271172712997635 | 37.70 |
| 09/30 | 09/28 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869271200269649735 | 26.96 |
| 10/01 | 09/30 | FACEBK *J8YELMJP62    fb.me/ads   CA | 55432869273200761906342 | 6.30 |
| 10/02 | 10/01 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869274200992184098 | 14.01 |
| 10/03 | 10/02 | DEFINED FITNESS- SAN M  5058887097   NM | 55546509275083707427489 | 86.29 |
| 10/03 | 10/02 | GOOGLE*GSUITE_SHOCKWAV  INTERNET    CA | 55505909276070388378727 | 63.87 |
| 10/04 | 10/03 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869276200521361090 | 28.57 |
| 10/04 | 10/02 | LEXISNEXIS RISK DAT    8883328244  FL | 55464949276206754508647 | 134.84 |
| 10/09 | 10/08 | SENDHUB SMS SUBSCRIPTI  8449904400  CA | 55429509282637339265048 | 69.95 |
| | | TOTAL PURCHASES AND OTHER CHARGES FOR THIS PERIOD | | **$1,760.05** |

## Finance Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| | Annual Percentage Rate | Balance Subject to Interest Rate | Finance Charges by Transaction Type |
|---|---|---|---|
| PURCHASES | 20.99% V | $30,535.13 | $526.83 |
| CASH | 25.99% V | $0.00 | $0.00 |

*V = Variable Rate (rate may vary), Promotional Balance = APR for limited time on specified transactions.*

## Important Messages

Your account balance is over the credit limit. Please contact us at the number on this statement to make a payment and bring the account balance below the credit limit.

SHOCKWAVE DEFENSE LLC
5474 1519 7678 **2737**
October 10, 2019 - November 09, 2019
Page 3 of 6

## Cardholder Activity Summary

| Account Number Credit Limit | Total Activity | Payments and Other Credits | Balance Transfer Activity | Cash Advance Activity | Purchases and Other Charges | Fees Charged |
|---|---|---|---|---|---|---|
| JOHNSON, MICHAEL C 5474 1517 6473 7091 | | | | | | |
| 21,000 | 480.68 | 0.00 | 0.00 | 0.00 | 480.68 | 0.00 |

## Transactions

| Posting Date | Transaction Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| **SHOCKWAVE DEFENSE LLC** | | | | |
| **Account Number: 2737** | | | | |
| | | **Fees Charged** | | |
| 11/05 | 11/05 | LATE PAYMENT FEE | | 49.00 |
| | | **TOTAL FEES FOR THIS PERIOD** | | **$49.00** |
| | | **Finance Charge** | | |
| 11/08 | 11/08 | PURCHASE *FINANCE CHARGE* | | 566.36 |
| | | **TOTAL FINANCE CHARGE FOR THIS PERIOD** | | **$566.36** |
| **JOHNSON, MICHAEL C** | | | | |
| **Account Number: 7091** | | | | |
| | | **Purchases and Other Charges** | | |
| 10/10 | 10/09 | STATE FARM INSURANCE    8009566310   IL | 55310209282026400348389 | 371.81 |
| 10/10 | 10/09 | SSF MONTHLY INDIVIDUAL  2622074170  WI | 55429509282637365858559 | 25.00 |
| 10/10 | 10/09 | ECAMM NETWORK, LLC    617-8301662  MA | 25247709283000011400334 | 24.99 |
| 10/14 | 10/13 | CALENDLY       8009799850   GA | 55429509286637584008404 | 15.00 |
| 10/16 | 10/15 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869288200367797122 | 4.30 |
| 10/17 | 10/16 | APL*ITUNES.COM/BILL    866-712-7753 CA | 55432869289200615180831 | 10.78 |
| 10/21 | 10/18 | DNH*GODADDY.COM     480-5058855 AZ | 75418239291081338831852 | 15.74 |
| 10/28 | 10/26 | SXM*SIRIUSXM.COM/ACCT   888-635-5144 NY | 55432869299200982736551 | 13.06 |
| | | **TOTAL PURCHASES AND OTHER CHARGES FOR THIS PERIOD** | | **$480.68** |

## Finance Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| | Annual Percentage Rate | Balance Subject to Interest Rate | Finance Charges by Transaction Type |
|---|---|---|---|
| PURCHASES | 20.99% V | $31,767.67 | $566.36 |
| CASH | 25.99% V | $0.00 | $0.00 |

*V = Variable Rate (rate may vary), Promotional Balance = APR for limited time on specified transactions.*

## Reward Summary

| | | | |
|---|---|---|---|
| Beginning Balance | 348.95 | Other Bonuses | .00 |
| Earned | 5.51 | | |
| Redeemed | .00 | | |
| Adjustments | .00 | Ending Balance | 354.46 |

To redeem your Cash Rewards call 1.800.673.1044, or visit www.bankofamerica.com

**Loyalty Bonus.** Earn an additional cash back bonus of 0.50% when your monthly Purchases equal or exceed $4,000. We calculate the monthly cash back payout (based on Purchases posted to the account during that month), and we award the cash back bonus within approximately 7 days of the start of the following month. Please note that this monthly time frame will not coincide with your card Billing Cycle. We calculate total Purchases monthly from the first day of every month to the last day of every month. If your total Purchases for a given month equal or exceed $4,000, you earn the cash back bonus, calculated by multiplying your total Purchase amount by 0.0050. The total Purchase balance for the purpose of calculating the cash back bonus will revert to $0 on the first day of each month. Example: $4,000 in total monthly qualifying purchases = $20 cash back bonus ($4,000 x 0.005).