## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL JOHNSON,          )
          )
          Plaintiff,     )
          )    Case No. 1:21-cv-00294-KWR-KK
v.          )
          )
BANK OF AMERICA, INC.,       )
a Foreign Corporation,       )
          )
          Defendant.    )

## DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF MICHAEL JOHNSON'S COMPLAINT

Defendant Bank of America, N.A. ("BANA"), improperly named in the Complaint as Bank of America, Inc., in further support of its Motion to Dismiss the Complaint filed by Plaintiff Michael Johnson (ECF No. 5, "Motion"), respectfully submits as follows:

### INTRODUCTION

In Plaintiff's Opposition to the Motion (ECF No. 12, "Opposition"), Plaintiff spends a great deal of time trying to save his Federal Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") claim from dismissal.  In short, Plaintiff chiefly argues that because he used his BANA business credit card account ending in 7091 ("Business Account") for personal purposes and expenses, the Business Account transforms from a business credit card account to a personal credit card account (or some sort of joint credit card account).  But Plaintiff's TILA-related argument is disingenuous and lacks any merit.  First, the Business Account is solely a business credit card account and the governing Business Account Agreement states as much.  Second, if Plaintiff did indeed use the Business Account for personal purposes as asserted in the Opposition, Plaintiff's actions amount to a breach of contract and do not save him from dismissal.  Third, Plaintiff, through the use of the

Business Account, consented to providing BANA a security interest in his BANA deposit account ending in 2270 ("Deposit Account").

The Opposition also does not cure the many deficiencies found in Plaintiff's state law claims.  In fact, aside from providing factual inaccuracies and additional conclusory allegations, the Opposition does not try to combat any of the arguments provided in Motion that relate to Plaintiff's state law claims.  Accordingly, for these reasons and those stated in the Motion, Plaintiff's Complaint must be dismissed with prejudice.

## ARGUMENT

### I.      Plaintiff's TILA Claim Still Fails.

Plaintiff's TILA claim fails for two reasons: (A) the Business Account was a business account for which the TILA does not apply; and (B) even if the TILA does apply, Plaintiff consented to BANA's security interest in the Deposit Account.

### A.      The Business Account is not a "consumer credit transaction" under the TILA.

As outlined in the Motion, the TILA and the implementing regulation 12 C.F.R. § 226.12(d)(1) provide that a card issuer may not take any action to offset a cardholder's indebtedness arising from a consumer credit transaction.  The TILA also provides that credit transactions extended for business or commercial purposes are exempt from its provisions.  *See* 15 U.S.C. § 1603(1).

To overcome the plain language of the TILA, Plaintiff argues because Plaintiff used the Business Account for personal purposes and expenses, the Business Account transforms from a business credit card account to a personal credit card account (or some sort of joint credit card account) and, thus, the Business Account is not exempt from the TILA.  *See* Opp., pp. 3-6.

However, Plaintiff's manufactured argument calling the Business Account a "personal credit card account" or "joint account" is simply untrue.

As discussed in the Motion, the Business Account Agreement and Plaintiff's own admissions make clear that Plaintiff applied for and BANA ultimately extended credit to Plaintiff's business, Shockwave Defense, LLC.  *See generally*, Ex. A to the Motion.  Further, Plaintiff's use of the account for personal purposes – to which Plaintiff goes to great lengths to admit in the Opposition – was strictly prohibited and breaches the Business Account Agreement.  *See* Opp., 3-6; Ex. A to the Motion, p. 8.  Specifically, under the paragraph titled "Limitations on Use," the Business Account Agreement states that "[[t]he Account is a business account and should be used for business purposes only."  Ex. A to the Motion, p. 8.  Thus, Plaintiff breached the Business Account Agreement by using the Business Account for personal purposes.  *See* Opp., 3-6; Ex. A to the Motion, p. 8.

In short, Plaintiff's argument hinges solely on the Business Account not being a business account.  *See* Opp., pp. 3-6.  But, the governing Business Account Agreement shows the Business Account is a business account and not a personal credit card account.  *See* Ex. A to the Motion, p. 8.  As a result, the TILA does not apply.  For these reasons and those explained in the Motion, Plaintiff's TILA claim fails as a matter of law, and Count I of the Complaint must be dismissed with prejudice.  *See* 15 U.S.C. § 1603(1); *see also Selman v. Manor Mortg. Co.*, 551 F. Supp. 345, 347-48 (E.D. Mich. 1982) (dismissing section 1666h TILA claim where account at issue was owned by limited liability company).

**B.      Even if the TILA applies, Plaintiff's claim still fails because he consented to BANA's security interest in his deposit account.**

In the Opposition, Plaintiff does not refute the plain language of the Business Account Agreement's inclusion of the setoff process.  *See generally*, Opp.; Ex. A to Motion, p. 7.  Nor does

the Opposition refute Plaintiff's awareness of, and intent to grant, a security interest in the Deposit Account.  *Id.*  Instead, Plaintiff provides block quoted language from TILA Section 1666h and asserts without support that "the statute precludes any agreements to offset debt during the initial agreement for credit card debt."  Opp., p. 8.  However, to the contrary, the very block quoted language the Opposition contains bolsters BANA's argument that Plaintiff, by using the Account, agreed to the Business Account Agreement and its governing terms.  Plaintiff also admits in the Complaint and in the Opposition that he is the guarantor of the Business Account.  Any reading of Paragraph 10 of the Complaint, and the Opposition generally, can only lead to the following conclusions: Plaintiff submitted an application to BANA for the Business Account; Plaintiff is the account holder of the Business Account; and Plaintiff, through using the Account, adhered to the terms of the Business Agreement.  *See* Compl., ¶ 10; *generally*, Opp.

Further, and as discussed in the Motion, 12 C.F.R. 226(d) "provides that a card issuer may offset a cardholder's indebtedness *if it obtains or enforces a consensual security interest in the funds*."  *In re Lyon*, No. 409-BK-30568-JMM, 2010 WL 3777827, at *3 (Bankr. D. Ariz. Sept. 20, 2010) (citing 12 C.F.R. § 226.12(d)(2)) (emphasis in original).  And, for a consensual security interest to exist, "the consumer must be aware that granting a security interest is a condition for the credit card account . . . and must specifically intend to grant a security interest in a deposit account."  Truth in Lending; Official Staff Commentary Update, 52 FR 10875-02 (April 6, 1987).

A quick review of the Business Account Agreement confirms Plaintiff's awareness of, and intent to grant, a security interest in the Deposit Account.  *See* Ex. A to Motion, p. 7.  For these reasons and as explained in the Motion, Plaintiff consented to BANA's security interest in his Deposit Account.  Accordingly, Plaintiff's TILA claim fails as a matter of law and must be dismissed.

II.    **Plaintiff's Unfair Or Deceptive Trade Practice "Claim" Still Fails As A Matter Of Law.**

Count II of the Complaint generally alleges "unfair or deceptive trade practices," and that BANA's "actions in violation of the [TILA] constitute unfair or deceptive trade practices." Compl., ¶ 26.  However, Plaintiff's allegations in Count II are substantively no different from those asserted in Count I.  *Compare* Compl., ¶ 22, *with* ¶ 27; *see also Sw. re, Inc. v. G.B. Invs. Reinsurance Co*., No. CIV 10-856 BB/WPL, 2011 WL 13114921, at *2 (D. N.M. June 17, 2011) ("Claims are duplicative when they are substantially the same as other claims in the suit.").  Aside from summarily asserting that BANA's setoff actions qualify as an "unfair or deceptive trade practice" and are not duplicative, the Opposition sheds no more light on why the Count II is not duplicative to Count I.

As a result, duplicative claims are subject to dismissal under Fed. R. Civ. Pro. 12(b)(6). *Sw. re, Inc.*, 2011 WL 13114921, at *1 (citing cases).  Thus, to the extent Count II even constitutes a cause of action, it is indistinguishable from Count I and must be dismissed with prejudice on this basis.

III.   **Plaintiff's Request For Declaratory Relief Still Fails As A Matter Of Law.**

As explained in the Motion, BANA's alleged misconduct—the withdrawal of funds from Plaintiff's deposit account—occurred *in the past* on February 4, 2021.  *See* Compl., ¶ 11.  "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."  *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008), *aff'd*, 639 F.3d 1025 (10th Cir. 2011)); *see also Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("a declaratory judgment action involving past conduct that will not recur is not justiciable.").

While Plaintiff vaguely alleges the threat of similar misconduct against unnamed parties in the future (*see* Compl., ¶¶ 25-34) and again in the Opposition (*see* Opp., p. 9), such hypothetical allegations simply do not satisfy the "actual controversy" standard of the Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Blessings Corp. v. Altman*, 373 F. Supp. 802, 804-05 (S.D.N.Y. 1974) ("It is well settled that the Declaratory Judgment Act only permits the federal courts to entertain actual, concrete controversies, and not hypothetical questions.").  Nothing in the Opposition refutes this fact.  Accordingly, Plaintiff's request for declaratory relief fails as a matter of law and must be dismissed with prejudice.

## IV.     Plaintiff's Request For Injunctive Relief Still Fails As A Matter Of Law.

As explained in the Motion, Plaintiff's request for injunctive relief fails for the same reason his request for declaratory relief fails: Plaintiff does not plausibly allege BANA's continuing violation, or threatened future violation, of any applicable statute or standard.  *See League of United Latin Am. Citizens, N.M. (LULAC) v. Ferrera*, 792 F. Supp. 2d 1222, 1232-33 (D.N.M. 2011) (plaintiff seeking injunction relief must "alleg[e] a continuing violation or the imminence of a future violation of an applicable statute or standard"); *see also* Motion, p. 9.  Nothing in the Opposition cures Plaintiff's pleading failures.

In the Opposition, in trying to show a continued or threatened violation of an applicable statute or standard, Plaintiff suggests that "nothing is stopping [BANA] from committing further offsets against Plaintiff without relief from the court."  *See* Opp., pp. 9-10.  But contrary to Plaintiff's claims, Plaintiff later admits in footnote three that he has closed, or is in the process of closing, his accounts with BANA since the filing of this suit – thus, a future offset against Plaintiff appears to be impossible.  *See* Opp., p. 10.  In other words, Plaintiff admits that he is seeking injunctive relief to cure a future harm that is simply impossible to achieve because he has no open

account(s) with BANA.  Because of this admission, Plaintiff does not and cannot allege that he is under continuing threat from similar future BANA misconduct.  For these reasons and those in the Motion, Count IV of the Complaint fails as a matter of law and must be dismissed with prejudice.

**V.     Plaintiff's New Mexico Unfair Practices Act Claim Still Fails As A Matter of Law.**

In the Opposition, Plaintiff conclusory asserts with no factual support that he has sufficiently pled violations of New Mexico's Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 *et seq.* ("NMUPA").  *See* Opp., pp. 10-11.  The Opposition suggests that Plaintiff has sufficiently pled a NMUPA because he says so – and that this Court should take his word for it.  Such allegations are conclusory, without merit, and require dismissal.

As outlined in the Motion, "[i]n order to state a claim under the [NM]UPA, a plaintiff must allege that the defendant knowingly made a false or misleading representation or unfairly took advantage of the lack of knowledge, ability, experience, or capacity of a person 'in connection with the sale, lease, rental, or loan of any goods or services.'"  *N. M. ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp. 3d 1103, 1121 (D. N.M. 2020) (citing N.M. Stat. Ann. §§ 57-12-2).  Thus, an NMUPA claim "must be based upon a misrepresentation or false statement which was *knowingly* made."  *New Mem'l Assocs. v. Credit Gen. Ins. Corp.*, 973 F. Supp. 1027 (D.N.M. 1997).  "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading."  *Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 100-01, 811 P.2d 1308, 1311-12 (1991).

Here, Plaintiff has not alleged that BANA knowingly misrepresented the terms of the Business Account Agreement, and such a failure is fatal to his NMUPA claim.  *See New Mem'l Assocs.*, 973 F. Supp. at 1031 (NMUPA claim denied where "[d]efendants properly denied

coverage *based upon the terms of the policy*") (emphasis added); *Stevenson*, 112 N.M. at 101, 811 P.2d at 1312 (finding error in trial court's denial of defendant's motion for directed verdict where "evidence was never presented that [defendant] knowingly made any false or misleading statement of any kind in connection with the negotiation or the oral agreement."). Accordingly, Plaintiff's NMUPA claim fails as a matter of law and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should grant BANA's Motion, dismiss the Complaint with prejudice, and award any other relief it deems proper.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By:*/s/ Spencer L. Edelman*
Spencer L. Edelman
Post Office Box 2168
Albuquerque, New Mexico  87103-2168
Telephone: 505.848.1800
Email: spencer.edelman@modrall.com
Attorneys for Defendant Bank of America, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Spencer L. Edelman*
Spencer L. Edelman

*Y:\dox\client\15410\0994\DRAFTS\W4093183.DOCX*