IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JOHNSON,

      Plaintiff,

vs.                                                                       1:21-cv-00294-KWR-KK

BANK OF AMERICA, INC.,
a Foreign Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Defendant Bank of America, N.A.'s[1] Motion to Dismiss. **Doc. 5**. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is well taken, and is therefore **GRANTED IN PART** and **DENIED IN PART**. Counts II, III, IV, and V[2] are dismissed without prejudice and with leave to amend, but Count I remains.

### BACKGROUND

This case arises out of a dispute over a debt on a bank account owned by Plaintiff Michael Johnson. Plaintiff maintains two accounts with Defendant Bank of America, a deposit account and a credit card account. **Doc. 1, Ex. A, ¶ 6**. Plaintiff's credit card account was "charged off" by Defendant in 2018 after Plaintiff allegedly defaulted on a debt. *Id.* **¶¶ 12-13**. Plaintiff alleges that on February 4, 2021, Defendant "unilaterally withdrew" $35,160.84 from Plaintiff's deposit account to offset the debt owed on Plaintiff's credit card account. *Id.* **¶ 11**. Plaintiff asserts that

---

[1] Defendant is incorrectly named in the Complaint (**Doc. 1, Ex. A**) as Bank of America, Inc. *See* **Doc. 5, at 1**.

[2] This claim was labeled as one of two "Count IV" claims in the Complaint.

1

there was no existing agreement or consent by Plaintiff that authorized Defendant to make a withdrawal from Plaintiff's deposit account to satisfy the debt on Plaintiff's credit card account. *Id.* **¶¶ 13-14**. As a result, Plaintiff alleges the following claims:

Count I:  Violation of 15 U.S.C. § 1666h of the Truth in Lending Act

Count II: Violation of the "Unfair or Deceptive Trade Practice"

Count III: Declaratory Relief

Count IV: Injunctive Relief

Count V: Violation of the New Mexico Unfair Practices Act, NMSA §§ 57-12-1 *et seq.*

Defendant removed this case to this Court (**Doc. 1**) and subsequently filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  **Doc. 5.**

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and

conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendant argues that Plaintiff failed to allege sufficient facts to state a plausible claim for each of the five counts because Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court will dismiss Counts II, III, IV, and V without prejudice, but Count I remains.

### I.     The Court Declines to Dismiss the Truth in Lending Act Claim (Count I).

Plaintiff alleges that Defendant violated 15 U.S.C. § 1666h of the Truth in Lending Act ("TILA") and its implementing regulation, 12 C.F.R. § 226.12(d), "by taking funds from deposit accounts for payment of credit card debts." **Doc. 1, Ex. A, ¶ 17**.

In relevant part, TILA contains a prohibition on offsets. *See* 15 U.S.C. § 1666h. The Act provides that "[a] card issuer may not take any action to offset a cardholder's **indebtedness arising in connection with a consumer credit transaction** under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer." *Id.* § 1666h(a) (emphasis added); *see also* 12 C.F.R. § 226.12(d)(1). Under the Act, a "consumer" credit transaction is "one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1602(i). The Act does not apply to credit transactions involving extensions of credit primarily for "business" or "commercial" purposes. *See* 15 U.S.C. § 1603(1).

Further, the Act contains an exception to the offset prohibition under which a card issuer may offset to satisfy a debt where:

> (1) such action was previously authorized in writing by the cardholder in accordance with a credit plan whereby the cardholder agrees periodically to pay debts incurred in his open end credit account by permitting the card issuer

> periodically to deduct all or a portion of such debt from the cardholder's deposit account, and
>
> (2) such action with respect to any outstanding disputed amount not be taken by the card issuer upon request of the cardholder.

*Id.* § 1666h(a)(1)-(2); 12 C.F.R. § 226.12(d)(3); *see also* 12 C.F.R. § 226.12(d)(2) (noting that card issuers may "[o]btain or enforce a consensual security interest in the funds; attach or otherwise levy upon the funds; or obtain or enforce a court order relating to the funds").

The Court concludes that Plaintiff has stated a plausible claim under Count I. The crux of the parties' arguments relates to whether there was a "consumer transaction" underlying the debt collected by the Defendant and whether Plaintiff consented to a "credit plan" or "security interest" authorizing such an offset. In support, the parties cite to materials outside of the Complaint and introduce new facts not originally in the Complaint. *See, e.g.*, **Doc. 5, Ex. A, Ex. B**; **Doc. 12, at 4, 12**. However, it is not appropriate to consider or weigh the sufficiency of this evidence on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that he is a consumer, the owner of the deposit and credit card accounts with Defendant, and that he and Defendant "never c[a]me to any form of agreement in regards to the credit card account other than the agreement made by the two parties to open the credit card account itself." **Doc. 1, ¶¶ 6, 13**. Generally, the Court may not analyze facts not contained in the complaint or find that the facts in a complaint are untrue. Accepting the allegations in the Plaintiff's Complaint as true, the Court concludes that Plaintiff plausibly alleged a violation of § 1666h of the Truth in Lending Act.

## II. The Declaratory Relief Claim (Count III) is Dismissed.

Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff does not specify what declaration he seeks from the Court. Defendant argues that Plaintiff's claim must be dismissed because Plaintiff "vaguely alleges the threat of similar

4

misconduct against unnamed parties in the future [and] such hypothetical allegations do not satisfy the 'actual controversy' standard of the Declaratory Judgment Act." *See* **Doc. 5 at 8** (internal citations omitted). The Court agrees in part.

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party." Under the Act, the question in each case is whether the facts alleged, under all the circumstances, show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); *see also Golden v. Zwickler*, 394 U.S. 103, 109 (1969).

Here, Plaintiff alleges in his Complaint that "[t]here is a genuine dispute as to whether the Defendant has the right to make withdrawals from deposit accounts for credit card debt." *See* **Doc. 1, Ex. A, ¶ 6**. Thus, taken together with the facts asserted, Plaintiff plausibly alleges an actual, substantial controversy between himself and Defendant Bank of America over Plaintiff's bank accounts. However, Plaintiff has failed to plausibly allege any facts to support a reasonable inference of "sufficient immediacy and reality" regarding the controversy at issue. The Complaint's allegations center on Defendant's prior conduct, and Plaintiff has not alleged that Defendant will take such an action in the future nor has Plaintiff alleged facts supporting a threat of such conduct in the future. *Cf.* **Doc. 12, at 10 fn.3** (noting that "Plaintiff has closed, or is in the process of closing, his accounts with Defendant since the filing of this suit"). Therefore, Plaintiff has failed to plead the essential elements of a claim for declaratory relief and the Court dismisses this claim.

**III.     The Injunctive Relief Claim (Count IV) is Dismissed.**

Plaintiff pled a claim for injunctive relief stating that "Defendant should be enjoined from making withdrawals from deposit accounts for credit card debts." **Doc. 1, Ex. A, ¶ 35**. Plaintiff further alleges that "Defendant will continue to act in the same manner and in violation of law if this court does not grant injunctive relief." *Id.* **¶ 34**.

The New Mexico Unfair Practices Act ("NMUPA") authorizes injunctive relief on principles of equity. *See* NMSA § 57-12-10(A). "Any person *likely* to be damaged by an unfair or deceptive trade practice of another may obtain injunctive relief." *Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 621 (D.N.M. 2007) (emphasis in original). Under traditional equitable principles, a Plaintiff seeking an injunction must plead irreparable harm for which there is no adequate and complete remedy at law. *See New Mexico ex rel. State Highway & Transp. Dep't of N.M. v. City of Sunland Park*, 3 P.3d 128, 134 (N.M. Ct. App. 2000).

Defendant argues that Plaintiff's claim is insufficient because Plaintiff does not plausibly allege Defendant's "continuing violation[] or threatened future violation." **Doc. 5, at 9**. The Court concludes that Plaintiff has not pled facts alleging that he suffered irreparable harm for which there is no remedy at law. Plaintiff's conclusory allegations regarding Defendant's conduct are insufficient. Therefore, the Court will dismiss the injunctive relief claim.

**IV.     The Unfair or Deceptive Trade Practice Act Claim (Count II) is Dismissed.**

Plaintiff alleges two separate statutory unfair practices act claims in Counts II and V. In Count II, Plaintiff alleges a violation of the "Unfair or Deceptive Trade Practice." *See* **Doc. 1, Ex. A, at 8**. Plaintiff's Complaint fails to cite any statutory provision as the basis for this claim. *See* **Doc. 1, Ex. A, ¶¶ 25-28**. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a civil

complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Nevertheless, under the NMUPA, "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." *See* NMSA § 57-12-3. An "unfair or deceptive trade practice" is an act "specifically declared unlawful pursuant to the Unfair Practices Act" or a false or misleading statement, "knowingly made in connection with…the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person." *See* NMSA § 57-12-2(D). The non-exhaustive list of unfair or deceptive trade practices includes, for example, "using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive." *Id.* § 57-12-2(D)(14).

To state a claim under the NMUPA, a plaintiff must allege that "(1) defendant made an oral or written statement that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services [or in the extension of credit]; (3) the conduct complained of occurred in the regular course of defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person." *Mulford*, 242 F.R.D. at 621; *Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1093 (N.M. Ct. App. 2007).

Plaintiff alleges that "Defendant's actions in violation of the Truth in Lending Act constitute unfair or deceptive trade practices." **Doc. 1, Ex. A, ¶ 26**. Plaintiff also alleges that Defendant's "use of a standard form agreement which states that it has the right to make withdrawals from deposit accounts for credit card debts is false and misleading." *Id.* **¶ 27**. Defendant argues that Plaintiff has failed to state a claim for which relief can be granted because

Plaintiff's Unfair or Deceptive Trade Practices claim is duplicative and indistinguishable from Count I, the TILA claim. *See* **Doc. 5, at 7-8**.

Initially, it is not clear to the Court what Plaintiff intended to plead under Count II. Plaintiff appears to state a claim that is in fact distinguishable from the TILA claim. However, based on the pleadings, it is unclear whether Plaintiff intends to state a separate, additional NMUPA claim. There is no existing New Mexico "Unfair or Deceptive Trade Practice" statute that is independent from the NMUPA. *See* NMSA § 57-12-1 *et seq.* Thus, it is not clear whether Plaintiff intends to assert another NMUPA claim in addition to Plaintiff's broad NMUPA claim in Count IV.

In both Counts II and V, Plaintiff states that Defendant's actions and its use of a standard form agreement which provides that it has the right to offset is false and misleading. *See* **Doc. 1, Ex. A, ¶¶ 26-27, 37, 39**. Additionally, Plaintiff's brief cites the NMUPA as the statutory basis for the "Unfair or Deceptive Trade Practice" claim. *See* **Doc. 12, at 9**. Therefore, based on the pleadings, the Court concludes that Counts II and IV are substantively the same and arise under the NMUPA. For the same reasons provided for Count V below, Plaintiff's Count II must be dismissed because Plaintiff fails to sufficiently plead a material element of an NMUPA claim.

**V.      The Unfair Practices Act Claim (Count V) is Dismissed.**

As to Count V, Plaintiff alleges that Defendant's conduct is in violation of the New Mexico Unfair Practices Act, NMSA § 57-12-1 *et seq.* Here too, Plaintiff fails to enumerate which statutory provision of the NMUPA forms the basis for this claim. Still, Plaintiff must plausibly allege the same four elements to plead a violation of the NMUPA. Plaintiff must allege that "(1) defendant made an oral or written statement that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services [or in the extension of credit]; (3) the conduct complained of occurred in the regular course of

8

defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person." *Mulford*, 242 F.R.D. at 621.

Here, Plaintiff alleges that Defendant's actions "occurred in the regular course of its trade or commerce" and that its "use of a standard form agreement which states that it has the right to make withdrawals from deposit accounts for credit card debts is false and misleading." **Doc. 1, Ex. A, ¶¶ 38-39**.  Plaintiff also alleges that Defendant's conduct was willful.  *Id.* ¶ 40.  Defendant argues that Plaintiff failed to state a plausible claim because Plaintiff failed to allege that Defendant "knowingly misrepresented" the terms of the credit card account.  **Doc. 5, at 10**.  The Court agrees.

Plaintiff pleads that Defendant "willfully engaged" in violations of the NMUPA but does not allege any facts to support this element in the Complaint.  A complaint must "contain either direct or inferential allegations respecting **all the material elements** necessary to sustain a recovery under some viable legal theory." *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (emphasis added) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).  At this stage, the Court must disregard "conclusory statements of law" and consider specific factual allegations.  *See Kan. Penn Gaming*, 656 F.3d at 1214.  Plaintiff has failed to plead any facts to support a conclusion that Defendant knowingly made such representations.  Conclusory allegations are insufficient.  Therefore, the mere "formulaic recitation of the elements of a cause of action" warrants dismissal of Count V.  *Twombly,* 550 U.S. at 555.

## CONCLUSION

For the reasons stated above, the Court concludes that Count I of Plaintiff's Complaint states a plausible claim for relief.  However, the Court will dismiss Counts II, III, IV, and V without prejudice because Plaintiff only pled a bare, formulaic recitation of the elements of the claims, which is not sufficient to state a plausible claim.  *Twombly*, 550 U.S. at 555.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss **(Doc. 5)** is hereby **GRANTED IN PART AND DENIED IN PART** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Counts II-V in the Complaint **(Doc. 1, Ex. A)** are **DISMISSED WITH LEAVE TO AMEND.** Plaintiff may file an amended complaint within **fourteen (14) days** of the entry of this order. If Plaintiff fails to timely amend, the Court may, upon motion of a party or *sua sponte*, dismiss Counts II-V with prejudice and proceed on the remaining claim, Count I. If Plaintiff amends, he should file a single amended complaint which restates Count I and amends Counts II-V. Defendant will have **fourteen (14) days** to respond to should Plaintiff file an amended complaint.[3]

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

---

[3] In the Joint Status Report and Provision Discovery Plan (**Doc. 9**), the parties consented to fourteen (14) days for Plaintiff to file an amended complaint and for Defendant to file a response.